**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION**

_____

| | |
|---|---|
| CYRILL KOLOCOTRONIS, | |
| | CAUSE NO. CV 07-74-M-DWM-JCL |
| Plaintiff, | |
| | |
| vs. | FINDINGS AND RECOMMENDATION |
| | OF U.S. MAGISTRATE JUDGE |
| BENEFIS HEALTH CARE, and | |
| COLUMBUS HOSPITAL, | |
| | |
| Defendants. | |

_____

### I.  BACKGROUND

Pending before the Court is Plaintiff Cyrill Kolocotronis' amended pleading filed pursuant to Chief District Court Judge Donald W. Molloy's July 10, 2007 Order.  Kolocotronis is proceeding *pro se*, and on June 8, 2007, the Court granted him leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a)(1).

Kolocotronis' original pleading sought to obtain medical records from Defendants' medical facility relative to a lobotomy allegedly performed on him at Defendants' facility in 1965. Judge Molloy's July 10 Order permitted Kolocotronis to amend his

FINDINGS AND RECOMMENDATION OF
U.S. MAGISTRATE JUDGE - PAGE 1

original pleading to set forth further allegations which might support the existence of federal subject matter jurisdiction or diversity jurisdiction over this case.

## II.  KOLOCOTRONIS' ALLEGATIONS

Kolocotronis' amended pleading sets forth various allegations relative to aspects of the mental health treatment he purportedly received over 40 years ago.  The allegations are, to say the least, disjointed.  His pleading begins by describing events in 1965, wherein he alleges a lobotomy was performed on him at the Defendant Columbus Hospital.[1]  Kolocotronis states he was committed to the "Montana State Hospital", for breaking a window after having been "tricked" into the voluntary commitment.  He alleges Dr. Freeman "may have" performed the lobotomy, and he believes Dr. Freeman's brother was the director of the "Montana State Hospital" at which he was a patient.

Kolocotronis later explains that he hitchhiked a ride from two U.S. airmen who allegedly took him to the hospital at Malstrom Air Force Base in Great Falls, Montana, against his will.  He claims he was later transferred to Columbus Hospital

---

[1]The Court takes note of the fact that Columbus Hospital was a medical hospital operating in Great Falls, Montana, in 1965.  In approximately 1996 Columbus Hospital merged with another local hospital, the Montana Deaconess Hospital, to form Benefis Healthcare.  *See infra*, p. 8.

FINDINGS AND RECOMMENDATION OF
U.S. MAGISTRATE JUDGE - PAGE 2

where he was pinned to the bed and unable to escape at which time he received a lobotomy against his will.

Kolocotronis alleges he has been mentally ill since the lobotomy, suffering "delusions, illusions, [and] false voices & visions[.]"  He also claims his mental health condition caused him to be framed for a second degree assault in Edmonds, Washington, which resulted in him being found criminally insane after the presiding judge "pled him insanity [] against his will."

Kolocotronis also describes an earlier period of time when he allegedly received electric shock treatment.  He asserts that in December 1958[2] he was sane, healthy and moral, but he was "tricked" into a voluntary commitment in St. Louis, Missouri for 18 days where he received electric shock treatment.  He alleges he received the treatment against his will, and without a hearing or a warning.

Kolocotronis then states that in 1962 he received, against his will, ten more electric shock treatments at the state hospital in Montana.  He also alleges the psychiatrist who gave him the treatments tried to dance with him even though he had refused to dance with the psychiatrist several months earlier.

---

[2]Kolocotronis' handwriting is difficult to read.  He may have written 1988, but read in context the Court believes he intended to write 1958.

FINDINGS AND RECOMMENDATION OF
U.S. MAGISTRATE JUDGE - PAGE 3

For his relief Kolocotronis requests the Court award him $7 million in compensatory damages for medical malpractice and the resulting brain damage and maiming caused to him. He alleges the U.S. government and the Montana state government "obviously" ordered his lobotomy.

### III.  APPLICABLE LAW - PRELIMINARY SCREENING

The federal statute under which leave to proceed *in forma pauperis* is permitted also requires the Court to conduct a preliminary screening of the allegations set forth in the Complaint. The statute permits a Court to dismiss a plaintiff's *in forma pauperis* pleading if the Court determines that the action is "frivolous or malicious". 28 U.S.C. § 1915(e)(2).

Pursuant to 28 U.S.C. § 1915 the district court must review a plaintiff's pleadings to consider whether it can survive dismissal under § 1915(e)(2). *See Huftile v. Miccio-Fonseca*, 410 F.3d 1136, 1138, 1142 (9th Cir. 2005). The Court retains discretion to determine whether a case is frivolous and thus subject to dismissal under § 1915. *Denton v. Hernandez,* 504 U.S. 25, 33 (1992). A complaint is legally frivolous within the meaning of § 1915 "where it lacks any arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989) (construing predecessor provision at 28 U.S.C. § 1915(d)). A court can dismiss an *in forma pauperis* complaint as frivolous if it is based on an "indisputably meritless legal theory" or where

FINDINGS AND RECOMMENDATION OF
U.S. MAGISTRATE JUDGE - PAGE 4

the "factual contentions are clearly baseless." *Id.* at 327. Clearly baseless facts are facts "encompassing allegations that are fanciful, fantastic, and delusional." *Denton,* 504 U.S. at 32-33 (citation and internal quotations omitted).

## IV. DISCUSSION

As background information, Kolocotronis is an inmate confined at the Fulton State Hospital which is a Missouri mental health institution. *Kolocotronis v. Sjoblom*, 2007 WL 892502, *1 (W.D. Mo. 2007). He is confined pursuant to a finding in February 1960 "that he was not guilty of a certain criminal charge by reason of insanity." *Kolocotronis v. Morgan*, 247 F.3d 726, 728 (8th Cir. 2001). Kolocotronis was originally confined at the Fulton State Hospital, but he was later transferred to hospitals in Montana and Washington, and returned to Fulton in May 1981. *Kolocotronis v. Ritterbusch*, 667 S.W.2d 430, 431 (Mo. App. W. Dist. 1984). In 1984 he was described as having "gifted intelligence" with an I.Q. of 139, and suffering from manic depression. *Id*.

Kolocotronis has a long history of litigation in at least one other federal court. His litigation history is so extensive that the United States District Court for the Western District of Missouri issued an Order on August 28, 2003, prohibiting Kolocotronis from filing any further lawsuits in that court without leave of court. *In re Kolocotronis*, 2003 WL 25300042, *1

(W.D. Mo. 2003). There are 16 cases reported on Westlaw which refer to the August 28, 2003 Order (*see* Attachment 1), and over a dozen of those cases were dismissed as frivolous pursuant to 28 U.S.C. § 1915 and the August 28 Order.

Kolocotronis also has a history of litigation in the District of Montana. Having reviewed the claims Kolocotronis presents in this case, the Court undertook to review the records for the District of Montana to determine if Kolocotronis had filed other cases in the District. The review revealed that in 1987 Kolocotronis filed a lawsuit in the Great Falls Division of this Court captioned as *Kolocotronis v. Malstrom Air Force Base Hospital, Columbus Hospital, Deaconess Hospital, the Catholic Church, the Lutheran Church, and "the doctors who lobotomized me or gave me an implant"*, CV 87-177-GF-PGH. In that lawsuit Kolocotronis complained of the same events alleged in this lawsuit now filed 20 years later.[3] There he alleged that in 1964 or 1965 he was mistakenly taken to the hospital at Malstrom Air Force Base, and then to the Columbus and Deaconess Hospitals where he received a lobotomy, implants, and electrical brain stimulation. He alleged such events caused him to be locked up

---

[3] The Court may take judicial notice of matters of public record (*Lee v. City of Los Angeles*, 250 F.3d 668, 688-89 (9th Cir. 2001)), including pleadings or documents filed in state or federal courts. *Smith v. Duncan*, 297 F.3d 809, 815 (9th Cir. 2002); *Duckett v. Godinez*, 67 F.3d 734, 741 (9th Cir. 1995).

FINDINGS AND RECOMMENDATION OF
U.S. MAGISTRATE JUDGE - PAGE 6

for 22 years, and caused him to suffer from depression, psychosis, delusions, illusions, fear and brain damage. He demanded that the defendants in that lawsuit compensate him in the amount of $10 million for his damages. He also requested that the Court order the defendants to provide him with copies of all of his medical and police records.

On January 28, 1988, the late Paul G. Hatfield, United States District Judge, dismissed Kolocotronis' lawsuit pursuant to 28 U.S.C. § 1915(d) (predecessor to § 1915(e)) as frivolous and malicious. On January 29, 1988, the Court entered a final Judgment in that case. The Judgment was not appealed.

The Court finds that this lawsuit is subject to dismissal based on res judicata in light of the dismissal of Kolocotronis' 1987 lawsuit. The Court has authority to raise the doctrine of res judicata sua sponte to dismiss an action as frivolous under the authority of 28 U.S.C. § 1915(e)). *See Ciezkowska v. Gray Line New York*, 295 F.3d 204, 205-206 (2nd Cir. 2002); *Gleash v. Yuswak*, 308 F.3d 758, 760-61 (7th Cir. 2002) (same). *See also Franklin v. Murphy*, 745 F.2d 1221, 1230 (9th Cir. 1984).

Res judicata provides that "a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Allen v. McCurry*, 449 U.S. 90, 94 (1980). To bar a later suit under the doctrine of res judicata, "an adjudication

FINDINGS AND RECOMMENDATION OF
U.S. MAGISTRATE JUDGE - PAGE 7

must (1) involve the same "claim" as the later suit, (2) have reached a final judgment on the merits, and (3) involve the same parties or their privies." *Nordhorn v. Ladish Co., Inc.*, 9 F.3d 1402, 1404 (9th Cir. 1993) (citing *Blonder-Tongue Laboratories v. Univ. of Ill. Found.*, 402 U.S. 313, 323-24 (1971)).

The Court finds all three elements of res judicata are satisfied in this case. As outlined above, Kolocotronis' 1987 federal action involved the same claims stemming from his lobotomy, implants, and electrical shocks. With regard to the existence of a prior judgment on the merits, although a final Judgment was entered in his prior case in 1988, the dismissal in that prior action as frivolous under the former provisions of § 1915(d) is not a dismissal on its merits. *Denton v. Hernandez*, 504 U.S. 25, 34 (1992). Nevertheless, the dismissal still has "res judicata effect on frivolousness determinations for future *in forma pauperis* petitions." *Id*. Since Kolocotronis is proceeding *in forma pauperis* in this case, Judge Hatfield's 1988 frivolousness determination is properly given res judicata effect in this case.

Finally, Kolocotronis' present federal action involves the same parties or their privies. Columbus Hospital was a defendant in Kolocotronis' 1987 action. Columbus Hospital and the Montana Deaconess Hospital merged to form Benefis Healthcare in approximately 1996. *See* Benefis Healthcare Website,

FINDINGS AND RECOMMENDATION OF
U.S. MAGISTRATE JUDGE - PAGE 8

http://www.benefis.org/pages/default.asp?NavID=526 (accessed August 23, 2007).  Therefore, Benefis Healthcare is in privity with Columbus Hospital.

Based on the foregoing, the Court concludes this action is barred by res judicata due to the 1988 dismissal of Kolocotronis' prior action as frivolous.  Therefore, the Court concludes this action is frivolous under 28 U.S.C. § 1915(e) and should be dismissed.  *Franklin v. Murphy*, 745 F.2d 1221, 1230 (9th Cir. 1984) (concluding that a court may find an action frivolous under § 1915 where a previous judgment precludes relitigation of the same issues).

The Court further finds all other allegations in Kolocotronis' pleading are fanciful, fantastic, and delusional.  *Denton,* 504 U.S. at 32-33.  Therefore, they are subject to dismissal under § 1915(e)(2).

Based on the foregoing, the Court hereby enters the following:

### RECOMMENDATION

Kolocotronis' Amended Complaint should be **DISMISSED** as barred by the doctrine or res judicata.

**NOW, THEREFORE, IT IS ORDERED** that the Clerk shall serve a copy of the Findings and Recommendation of the United States Magistrate Judge upon the parties.  The parties are advised that pursuant to 28 U.S.C. § 636, any objections to these findings

must be filed with the Clerk of Court and copies served on opposing counsel within ten (10) days after receipt hereof, or objection is waived.

DATED this 27th day of August, 2007.

                                    /s/ Jeremiah C. Lynch
                                    Jeremiah C. Lynch
                                    United States Magistrate Judge